UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| LIV GOLF, INC., <br><br> Movant, <br><br> v. <br><br> CLOUT PUBLIC AFFAIRS, LLC, <br><br> Respondent. | Misc. Case No. 1:22-mc-00126-CJN <br><br> Underlying Case, *LIV Golf, Inc., et al. v. PGA Tour, Inc.*, pending in the United States District Court for the Northern District of California: <br><br> Case No. 5:22-cv-04486-BLF |

### LIV GOLF, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO TRANSFER THE MOTION TO COMPEL

LIV Golf, Inc. ("LIV") respectfully submits this memorandum of law in support of its motion to transfer the motion to compel Clout Public Affairs, LLC ("Clout") to comply with a subpoena to produce documents to the United States District Court for the Northern District of California pursuant to Federal Rule of Civil Procedure 45(f).

### PRELIMINARY STATEMENT

LIV has filed a motion to compel subpoena compliance by Clout. Dkt. No. 1. The subpoena issued from the Northern District of California, where the court is overseeing a high-profile and complex antitrust action brought by LIV and golfers against the PGA Tour, Inc. That court is "knee-deep in the nuances of the underlying litigation," having already ruled on multiple discovery issues, a temporary restraining order request, and numerous procedural issues. *See In re Braden*, 344 F. Supp. 3d 83, 94 (D.D.C. 2018). To ensure uniform results, maximize efficiency, and conserve judicial resources, LIV respectfully request that the Court transfer its motion to compel to the Northern District of California. LIV has met and conferred with Clout, which declined to consent to transfer for the reasons stated below. Transfer is nonetheless warranted.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 45, a subpoena to produce documents "must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). If the subpoena's recipient does not comply, the "serving party may move the court for the district where compliance is required for an order compelling production"—which is potentially different from the issuing court. *Id.* 45(d)(2)(B)(i). Nonetheless, under Federal Rule of Civil Procedure 45(f), the court in the compliance district may transfer the motion to the issuing court if "the person subject to the subpoena consents or if the court finds exceptional circumstances." *Id.* 45(f).

Rule 45 does not define "exceptional circumstances," but the Advisory Committee Notes explain that "transfer may be warranted to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled in issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Coalition for App Fairness v. Apple Inc.*, 2021 WL 3418805, at *2 (D.D.C. Aug. 5, 2021). Courts "look to a variety of factors to determine if the judge from the issuing court is in a better position to rule on the motion" and "carefully balance the interest of the nonparty in obtaining local resolution of a subpoena-related motion against the interest in ensuring the efficient, fair and orderly progress of ongoing litigation before the issuing court." *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 375 (D.D.C. 2017) (simplified).

## ARGUMENT

Exceptional circumstances to transfer the motion exist. In determining the presence of "exceptional circumstances," courts look at "the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34

2

(D.D.C. 2014). Transfer is appropriate when "[r]uling on the subpoenaed documents' relevance would . . . require[ ] the Court to delve into the intricacies of the underlying dispute." *FDIC v. Galan-Alvarez*, 2015 WL 5602342, at *3 (D.D.C. Sept. 4, 2015). It is also appropriate to "avoid interference with a time-sensitive discovery schedule issued in the underlying action" and "the risk of inconsistent results." *See Duck v. SEC*, 317 F.R.D. 321, 325 (D.D.C. 2016).

Here, these considerations weigh heavily in favor of transfer, and the burden on Clout from transfer of the motion is minimal.

***The issues are complex.*** The motion to compel raises complex issues about relevance. These issues require consideration of the underlying merits of the case—which are themselves complex. This relevance argument "emphasizes the need for the court where the underlying matter lies to decide the matter." *XY, LLC v. Trans Ova Genetics, L.C.*, 307 F.R.D. 10, 12 (D.D.C. 2014).

The underlying action is a complicated antitrust suit against an alleged monopolist and global conspirator in various golf markets. *See Mickelson v. PGA Tour, Inc.*, Case No. 5:22-cv-04486-BLF, Dkt. No. 83 (N.D. Cal.. filed Aug. 3, 2022). The alleged global conspiracy involves scores of actors and geopolitical tensions where the defendant relies on the reputation of Saudi Arabia as part of its procompetitive rationale. *Id*. Dkt. No. 108. As LIV explained in its motion to compel, the defendant *fomented* the very anti-Saudi sentiment via Clout that it now seeks to use as a justification. The magistrate and district court judges in the underlying action are in far better position to determine the importance and relevance of this discovery. *See Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 47 (D.D.C. 2014) (transferring motion due to the issuing court's "familiarity with the full scope of the issues involved as well as any implications the resolution of the motion will have on the underlying litigation"); *In re Nonparty Subpoenas Duces Tecum*, 327 F.R.D. 23,

25 (D.D.C. 2018) (transferring motion that "rests on factual and legal developments that the underlying court will be in a better position to manage").

*The underlying action is advanced—and advancing quickly.* Although the underlying case has been pending for a number of months, it is already procedurally advanced. The issuing Court has ruled upon a motion for temporary restraining order, which thoroughly familiarized it with the issues and purported justifications of the alleged conduct. Since then, the magistrate judge has ruled on scores of discovery disputes, held three discovery conferences, carefully acquainted itself with the underlying issues, and is even now considering another subpoena-related motion. This is not a case where the issuing court is coming fresh to the issues; it has already ruled on similar topics as part of a "streamlined process for resolving discovery disputes" and should continue to do so here. *See Coalition for App Fairness*, 2021 WL 3418805, at *2.

As important as the discovery that already took place is the short discovery period remaining. Courts routinely grant transfers when *not* transferring a motion would risk "interference with a time-sensitive discovery schedule issues in the underlying action." *See Honeywell Int'l Inc. v. Law Offices of Peter T. Nicholl*, 2022 WL 43949, at *3 (D.D.C. Jan. 5, 2022) (compiling cases). Here, the issuing court has set an expedited schedule, with written discovery presently closing on March 3, 2023 (but likely moving to March 30, 2023) and trial beginning in January 2024. Although appropriate in light of plaintiffs' continuing harm, the schedule is aggressive, as the issuing court recognized. *See Mickelson*, Case No. 5:22-cv-04486-BLF, Dkt. No. 99 ("[E]ven I look at [the case schedule] and say things are going to move fast."). Any delay as this Court "familiarize[s] itself with the underlying action" would "risk disrupting the other court's case management order," which warrants transfer. *Honeywell*, 2022 WL 43494, at *3 (internal brackets and citation omitted); *see Disposable Contact Lens Antitrust Litig.*, 306 F.

4

Supp. 3d at 379 (transferring motions where the issuing court set a comprehensive pretrial schedule, already ruled on discovery disputes, and was overseeing other discovery disputes).

*There is risk of inconsistent rulings*. Failing to transfer the subpoena motion would risk inconsistent rulings. As noted above, the issuing court is considering other third party subpoena motions, including those related to LIV's ultimate investor, the sovereign wealth fund of Saudi Arabia. *See Mickelson*, Case No. 5:22-cv-04486-BLF, Dkt. Nos. 148, 166. The relevance and importance of discovery related to Saudi Arabia is an issue in those motions. *See id.* Dkt. No. 148 at 11-13. This Court should not risk inconsistent rulings with the underlying action by finding the discovery relevant (or not) without the input of the issuing court. *See Honeywell*, 2022 WL 43494 at *3 (transferring motions due to potential for "conflicting rulings on the relevance of the subpoenaed documents"); *see also Braden*, 344 F. Supp. 3d at 93 (finding that the issuing court "is far more capable of making [relevance determinations] within the short discovery window").

*The burden is minimal*. Transferring the motion would minimally burden Clout. Clout is a sophisticated public relations firm that regularly "engage[s] with Congress, state legislators, and foreign officials," which renders the "general interest in protecting local nonparties by requiring local resolution of subpoena-related disputes significantly reduced." *Coalition for App Fairness*, 2021 WL 3418805, at *3. It advertises its office in Northern California in the same district where the issuing court is located and would face little burden in litigating from a different office.[1] The subpoena further "mitigates the burden . . . by providing that electronic production of responsive documents is acceptable." *Judicial Watch*, 307 F.R.D. at 34. And the issuing court allows for remote hearings, which further reduces any burden. *See, e.g.*, *Google, Inc. v. Digital Citizen Alliance*, 2015 WL 4930979, at *5 (D.D.C. July 31, 2015) (finding the burden on a "small office

---

[1] *See* Clout, Who We Are, https://cloutpublicaffairs.com/who-we-are/.

of three employees within the District of Columbia" offset by telecommunication); *Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d at 380 (finding "unlikely" that subpoenaed party would even be required to travel to the issuing court district).

During the meet and confer, Clout identified the burden of finding local counsel to oppose the transfer. But "[i]t is only the rare and extreme circumstance in which litigation costs result in prejudice." *Wultz*, 304 F.R.D. at 45 (finding costs of litigating in another district to be "*de minimums*"); *see also Lipman v. Antoon*, 284 F. Supp. 3d 8, 11 (D.D.C. 2018) (transferring subpoenas over objection based on burden of representation by different lawyers). In any case, "[c]ourts routinely transfer subpoena-related motions—even over objection—due to the complexity of the underlying case, or because the issuing court is grappling with related issues." *Nonparty Subpoenas Duces Tecum*, 327 F.R.D. at 26 (citations omitted). The minimal burden of finding local counsel does not outweigh the circumstances strongly favoring transfer.

## **CONCLUSION**

For the reasons described above, this Court should transfer this action to the issuing court in the Northern District of California.

Dated: December 21, 2022           */s/ Keith Forst*
                                    Keith H. Forst (DC Bar No. 478775)
                                    QUINN EMANUEL URQUHART & SULLIVAN LLP
                                    1300 I Street NW, Suite 900
                                    Washington, District of Columbia 20005
                                    Tel: (202) 538-8000
                                    Fax: (202) 538-8100
                                    keithforst@quinnemanuel.com

                                    DOMINIC SURPRENANT *pro hac vice pending*
                                    QUINN EMANUEL URQUHART & SULLIVAN LLP
                                    865 South Figueroa Street, 10th Floor
                                    Los Angeles, California 90017
                                    Telephone: (213) 443-3000
                                    dominicsurprenant@quinnemmanuel.com

                                    RYAN SWINDALL *pro hac vice pending*
                                    QUINN EMANUEL URQUHART & SULLIVAN LLP
                                    1200 Abernathy Road, Suite 1500
                                    Atlanta, GA 30328
                                    Telephone: (404) 482-3502
                                    ryanswindall@quinnemmanuel.com

                                    *Attorneys for Movant LIV Golf, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 21, 2022, a true and correct copy of the foregoing and related proposed order were served on counsel for Clout Public Affairs, LLC, who agreed to electronic service, using the below email address:

Edward D. Greim:  edgreim@gravesgarrett.com

　　　　　　　　　　　　　　　　　　　　　 */s/ Keith Forst*
　　　　　　　　　　　　　　　　　　　　　Keith H. Forst