UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| LIV GOLF, INC., <br><br> Movant, <br><br> v. <br><br> CLOUT PUBLIC AFFAIRS, LLC, <br><br> Respondent. | Misc. Case No. 1:22-mc-00126-CJN <br><br> Underlying Case, *LIV Golf, Inc., et al. v. PGA Tour, Inc.*, pending in the United States District Court for the Northern District of California: <br><br> Case No. 5:22-cv-04486-BLF |

**DECLARATION OF DOMINIC SURPRENANT IN SUPPORT OF REPLY TO MOTION TO COMPEL CLOUT PUBLIC AFFAIRS, LLC**

I, Dominic Surprenant, declare that:

1. I am an attorney, duly licensed to practice law in California, and a partner with the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for the LIV Golf, Inc. ("LIV") in the above-captioned action (*pro hac vice* forthcoming) and in the underlying action, *LIV Golf, Inc., et al. v. PGA TOUR, Inc.*, Case No. 5:22-cv-04486-BLF, pending in the United States District Court for the Northern District of California. I submit this declaration in support of LIV's reply in further support of its motion to compel Clout Public Affairs, LLC ("Clout") to comply with LIV's subpoena to produce documents. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently as to them under oath.

2. On December 20, 2022, Defendant PGA Tour, Inc. (the "Tour") produced 5,627 documents. Exhibits 38-45 and 47-54 to this declaration were all part of said document production.

3. As of this filing, the Tour has produced less than 600 communications (emails, texts, and WhatsApp messages) involving a Clout employee at any point on the thread, and less than 400 additional documents mentioning the term "clout."

4. Of the few hundred emails produced by the Tour involving a Clout person, Allison Keller (the Tour's Chief Administrative Officer) has been involved in approximately one hundred, and Joel Schuchmann (the Tour's SVP of Communications) has been involved in over a hundred.

5. Due to an apparent vendor error, the Tour did not produce approximately two months' worth of documents by the substantial completion deadline of November 18, 2022.

6. After LIV uncovered the error, the Tour began the time-consuming process of reviewing and producing these documents, which has yet to be completed. Exhibits 38-45 and 47-54 were produced by the Tour to LIV on December 20, 2022; Exhibit 58 was served on December

19, 2022; and Exhibit 37 was produced on December 15, 2022—all after the motion to compel was filed.

7. Plaintiffs are seeking hundreds of millions of dollars in damages prior to any trebling under the Sherman Act.

8. Attached hereto as Exhibit 41 is a true and correct copy of a document produced in the underlying action by the Tour with beginning Bates PGA_TOUR0517288.

9. Attached hereto as Exhibit 42 is a true and correct copy of a document produced in the underlying action by the Tour with beginning Bates PGA_TOUR0516821.

10. Attached hereto as Exhibit 43 is a true and correct copy of a document produced in the underlying action by the Tour with beginning Bates PGA_TOUR0516016.

11. Attached hereto as Exhibit 44 is a true and correct copy of a document produced in the underlying action by the Tour with beginning Bates PGA_TOUR0515838.

12. Attached hereto as Exhibit 45 is a true and correct copy of a document produced in the underlying action by the Tour with beginning Bates PGA_TOUR0515988.

13. Attached hereto as Exhibit 46 is a true and correct copy of a document produced in the underlying action by the Tour with beginning Bates PGA_TOUR0181727.

14. Attached hereto as Exhibit 47 is a true and correct copy of a document produced in the underlying action by the Tour with beginning Bates PGA_TOUR0514671.

15. Attached hereto as Exhibit 48 is a true and correct copy of a document produced in the underlying action by the Tour with beginning Bates PGA_TOUR0516771.

16. Attached hereto as Exhibit 49 is a true and correct copy of a document produced in the underlying action by the Tour with beginning Bates PGA_TOUR0516699.

17. Attached hereto as Exhibit 50 is a true and correct copy of a document produced in the underlying action by the Tour with beginning Bates PGA_TOUR0518289.

18. Attached hereto as Exhibit 51 is a true and correct copy of a document produced in the underlying action by the Tour with beginning Bates PGA_TOUR0522195.

19. Attached hereto as Exhibit 52 is a true and correct copy of a document produced in the underlying action by the Tour with beginning Bates PGA_TOUR0520892.

20. Attached hereto as Exhibit 53 is a true and correct copy of a document produced in the underlying action by the Tour with beginning Bates PGA_TOUR0520564.

21. Attached hereto as Exhibit 54 is a true and correct copy of a document produced in the underlying action by the Tour with beginning Bates PGA_TOUR0521474.

22. Attached hereto as Exhibit 55 is a true and correct copy of contracts downloaded from the Federal Communications Commission's official website, which contracts were found by searching "911 justice inc" at https://publicfiles.fcc.gov/ and show that 9/11 Justice, Inc. has purchased hundreds-of-thousands of dollars of advertising time.

23. Attached hereto as Exhibit 56 is a true and correct copy of the Delaware Secretary of State's website accessed on January 8, 2023, showing certain incorporation information for 9/11 Justice, Inc. found by searching "911 Justice" at https://icis.corp.delaware.gov/ecorp/entitysearch/NameSearch.aspx.

24. Attached hereto as Exhibit 57 is a true and correct copy of a press release by 9/11 Justice, Inc. confirming that it is a "501(c)4 organization" and citing to a 9/11 Justice, Inc. letter edited by the Tour and Clout, *see* Exhibit 38 at 12.

25. Attached hereto as Exhibit 58 is a true and correct copy of Defendant PGA Tour, Inc.'s Amended Response to Plaintiff LIV Golf Inc.'s Third Set of Interrogatories.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Los Angeles, California on January 10, 2023.

_____
Dominic Surprenant