UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| LIV GOLF, INC.,<br><br>        Movant,<br><br>v.<br><br>CLOUT PUBLIC AFFAIRS, LLC,<br><br>        Respondent. | Misc. Case No. 1:22-mc-00126-CJN-MAU |

**JOINT STATUS REPORT**

At the status conference on February 6, 2023, the Court ordered the parties—Movant LIV Golf, Inc. ("LIV") and Respondent Clout Public Affairs, LLC ("Clout")—to meet and confer on LIV's motion to compel compliance with its requests for production in its subpoena to Clout, and to then file a joint status report providing a request-by-request breakdown of the remaining disputes. The parties conferred in person immediately following the status conference and have since communicated via email. The parties jointly provide the following status report:

***Request 1***. Request 1 seeks "[a]ll Communications with the PGA Tour related to Saudi Arabia, LIV Golf, the September 11, 2001 terrorist attacks, Phil Mickelson, 9/11 Families United, 9/11 Justice, or this lawsuit." Request 1 remains in dispute.

As part of the parties' post-conference discussions, Clout has offered to produce the results of a reasonable targeted search (for example, based on a keyword, custodian, or date range) if LIV is able to articulate a discrete category of PGA Tour-Clout communications for which it has made a request of the PGA Tour in the main case, for which it has sought judicial relief in the main case, and for which the PGA Tour has indicated it will not or cannot make a production. LIV's position is that Clout's proposal imposes legally improper conditions that would foreclose the discovery of highly relevant communications to which LIV is entitled for the reasons stated in its briefing.

***Request 2***.  Request 2 seeks "[a]ll Documents, Communications, bills, and invoices related to consulting services provided to the PGA Tour, whether formal or informal, paid or unpaid, related to Saudi Arabia, LIV Golf, the September 11, 2001 terrorist attacks, Phil Mickelson, 9/11 Families United, 9/11 Justice, or this lawsuit."  The parties have the following positions on this request.

A) *Clout's Internal Documents and Communications*.  Clout continues to object to producing any responsive internal documents and communications—i.e., documents that were not emailed, texted, or shared via a website link (e.g., "Google Docs") to a non-Clout person and communications that only involve Clout persons.  LIV maintains that Clout must produce all documents and communications responsive to the subpoena, whether internal or not.[1]

B) *Clout's External Communications "On Behalf of the Tour."*  Clout will produce all responsive external communications with third parties—i.e., communications involving at least one person who is not Clout or the Tour—that Clout made "on behalf of the Tour."  Clout will make this production by February 20, 2023.

C) *Clout's External Communications Not "On Behalf of the Tour."*  Clout objects to producing responsive external communications with third parties that were not made "on behalf of the Tour."  LIV maintains that Clout should produce all responsive external communications with third parties regardless of whether the communication was "on behalf of the Tour."

***Requests 3-6***.  Requests 3 through 6 seek "Documents" and (for Request 3 through 5) "Communications" related to any 3) "public affairs campaign," 4) "coalition development," 5)

---

[1] At the hearing, the issue of an entity related to Clout, Axiom Strategies, arose.  Axiom Strategies is under common ownership with Clout. Clout considers any communications with Axiom Strategies to be internal communications. Any external communications by Axiom Strategies, however, would be subject to and controlled by Clout's offers of production or objections under its responses to Requests 1 to 7.

"strategic & crisis communications," or 6) "competitive research" that Clout has "conducted related to LIV Golf, any golfer who has participated in a LIV Golf tournament, or this lawsuit." The parties' positions on these requests are the same as their positions on Request 2: A) the parties dispute whether Clout must produce responsive internal documents and communications; B) Clout will produce responsive external communications made "on behalf of the Tour"; and C) the parties dispute whether Clout must produce responsive external communications not made "on behalf of the Tour."

*Request 7*.  As modified by LIV in its reply brief in support of its motion to compel, Request 7 seeks "[a]ll Communications with 9/11 Families United, 9/11 Justice, or anyone associated with either (e.g., agents, members, officers, directors, employees, or associates) related to … the PGA Tour, LIV Golf, … Phil Mickelson, protests, or this lawsuit." Clout will comply with this request by producing the documents, designated Attorneys-Eyes-Only under the Protective Order in the main case, along with a privilege log, by March 10, 2023.

Dated: February 8, 2023

*/s/ Keith Forst*
KEITH H. FORST (DC Bar No. 478775)
CHRISTOPHER G. MICHEL (DC Bar No. 1034557)
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I Street NW, Suite 900
Washington, District of Columbia 20005
Tel: (202) 538-8000
Fax: (202) 538-8100
keithforst@quinnemanuel.com
christophermichel@quinnemanuel.com

JOHN B. QUINN *pro hac vice*
DOMINIC SURPRENANT *pro hac vice*
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
johnquinn@quinnemanuel.com
dominicsurprenant@quinnemmanuel.com

RYAN SWINDALL *pro hac vice*
QUINN EMANUEL URQUHART & SULLIVAN LLP
1200 Abernathy Road, Suite 1500
Atlanta, GA 30328
Telephone: (404) 482-3502
ryanswindall@quinnemmanuel.com

*Attorneys for LIV Golf, Inc.*

*/s/ Eddie Greim*
Edward D. Greim (DDC Bar No. MO-008)
Graves Garrett, LLC
1100 Main Street, Suite 2700
Kansas City, Missouri 64105
Tel.: (816) 256-3181
Fax: (816) 222-0534
*edgreim@gravesgarrett.com*

*Attorney for Respondent Clout Public Affairs, LLC*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on February 8, 2023, a true and correct copy of the foregoing were served upon all counsel of record by filing the same with the Court's ECF system.

                                                  */s/ Keith Forst*
                                                  Keith H. Forst